May it please the court. Counsel. The defendant Christopher McGee was convicted of two counts of being a felon in possession of a firearm. At sentencing he raised several guidelines challenges both legal and factual to his sentence. Those objections were overruled and he maintains those objections on appeal. Today I will focus on the increase to his base offense level for having a prior crime of violence and the two-level increase for use of a minor. I wish to reserve two minutes of my time for rebuttal. Turning first to the increase to his base offense level. Iowa assault with a weapon is not a crime of violence because it does not satisfy the force clause and it is broader than the generic definition of aggravated assault. As to the force clause 708.23 which is the subsection that Mr. McGee was convicted of is a sentencing enhancement provision. So it's necessary first to analyze 708.1 which is generic assault. Generic assault under Iowa law does not satisfy the force clause. 708.1 lists several subsections or ways that Iowa assault can be committed. These are alternative means and not alternative elements. This is clear by looking at Iowa court appellate decisions. First back convicted of the two together? If you look at the judgment back at a conviction document does it say 1.3 and 2.3? The judgment document in this case says 708.1 and then includes a sentencing enhancement provision of 708.23 and I can just offer in general because I came from the state system it's kind of all over the map how this is charged and how the judgment orders look when it comes to Iowa assault. But in this case there was no subsection listed under 708.1 and it listed 708.2 subsection 3. So turning again to 708.1 these are alternative means. Iowa case law indicates that they are modes of committing an assault and also there's significant overlap between the different subsections. In the Seventh Circuit case of Edwards the court there similar and similar conduct would fall under multiple subsections that's a good indicator that these are not elements but instead that they are means. Because they are means all of the subsections must satisfy the force clause and they clearly do not under this circuits precedent. Most notably Iowa assault 708.1 can be committed by fear of an offensive or insulting touching. This is not rise to the level of violent force. Because 708.1 fails to satisfy the force clause the sentencing enhancement provision 708.23 must satisfy the force clause. It does not. 708.23 prohibits the use or display of a firearm in connection with an assault. These again are alternative means not alternative elements. Regardless neither alternative satisfies the force clause. Iowa law makes clear that display does really not require a whole lot. For example in the Hall case all that happened was that the defendant had I think in that case it was a knife in his hand. Use as the Fifth Circuit noted in Rico Mendoza also doesn't require much. It could be an accident. I don't understand most of this argument but what occurs to me is new to me. As you say the 708.23 is it's the aggravation statute. That's what makes this a federal felony even though Iowa calls it a misdemeanor. Does the Mathis analysis apply to that? To this specific subsection? To whether the user you know you then parse 2.3 separately from parsing 1. But why do we have to parse 2.3 when its only contribution here is to make it a felony. It's not needed to establish use of force. Let me put it that way. If you if we disagree with you on 1.3 simply being means in other words if we can continue to follow Boots conclude Boots isn't affected by Mathis then I don't think there's a separate analysis required of 2.3. Well I would disagree with the underlying premise. Have you got a case that would make me wrong on that? I think you're correct that if the force clause is satisfied by 708.13 then it's really unnecessary to analyze 708.23 but I would push back on the idea that it is satisfied. I would note first even if they are alternative elements that 708.1 if this court determines that Boots and Maid are still good law which of course it's our position that they are not that the judgment documents the Shepard documents here don't definitively establish that Mr. McGee was convicted under 708.1 subsection 3. All of the judgment list is 708.1 and under the horse looking case from this circuit when we don't have that kind of certainty when we don't have a specific subsection listed and conduct could fall within multiple subsections that's not enough. This categorical approach requires certainty and that is not what we have here. The conduct from the judgment order could fall under any of the subsections under 708.1 so even if this court continues to determine that these subsections under 708.1 are means it's still not enough to establish a violation of 708.1 subsection 3 in this our position that after Mathis these cases are no longer good law. Boots and Maid discuss 708.23 like we have in this case but really what the court focused on to find that the force clause was satisfied was 708.1 subsection 3 and I don't know if it was just assumed or because of the state of the law at that time but it was clear from that those courts decisions that it could specifically analyze 708.13 and the court when determining this the force clause was satisfied focused on the language of 708.13 which is much higher conduct and more severe conduct than under 708.23. 708.13 requires 708.13 that we've held is categorically use of force. Yes and of course pre-Mathis and our position is that it is not divisible as to 708.1. Our position is that it yes in general in these issues they're kind of all over the place but our position again is that 708.1 alternative means they don't all satisfy the force clause so it's overbroad. Turning next to whether it satisfies the generic definition of aggravated assault aggravated assault requires aggravating circumstances and I don't believe this circuit has adopted a generic definition but I don't really think it's in dispute at this point. It requires an assault with intent to cause serious bodily injury or use of a deadly weapon to attempt to cause bodily injury. 708.23 does not require either of those things so for those reasons it's overbroad under the generic definition of aggravated assault and also fails to satisfy the force clause. I see I'm cutting into my rebuttal time. If there are no immediate questions I would wish to reserve the remainder of my time for rebuttal. Do you cite state authority? I don't see it in the table of authorities. Establishing the means element question. Yes I do. The two main cases would be Beck. That's okay. Okay yes they are cited in the brief. Thank you. We'll hear from the government. Good morning. It's still good morning. You may proceed sir. May it please the court. Ms. Quick. My name is Ravi Narayan. I'm an AUSA in Cedar Rapids, Iowa in the U.S. Attorney's Office there. The issue that Ms. Quick focused on in her argument was whether or not defendants prior conviction constitutes a crime of this Court's decisions in Boots and Maid and pointed out well what's the difference between what this court was dealing with in Boots and Maid and what the court is dealing with here. The difference between those cases is whether or not. They didn't address the means element question. No they did not address the means elements questions because. If the conviction document just says 708.1. Right. What in your view makes the means opposing counsel's means argument wrong? What makes it. And unaddressed by Boots. Yes so Boots did not address Mathis and in there there was a specific citation to 708.13 and that the judgment of conviction established that the individual was indeed convicted under that specific alternative. As you point out your honor that the here the judgment of conviction only says that the defendant was under 708.1 but it does not specify under which alternative is 708.1 the individual was convicted which more squarely presents the question that was not squarely addressed in Boots and that is the divisibility of the various alternatives of assault. And so the question then is are those various alternatives of assault under Iowa law means or elements under Mathis. The government relies on the state court decision the Iowa Supreme Court in 2014 of state versus Copenhaver. That wasn't directly addressing the assault statute but it did essentially deal with the assault statute because it was a an appeal dealing with Iowa's robbery statute and the robbery statute has as an element that the defendant had the intent to commit a theft but then he also must commit any of the acts listed in subsections one through three of the assault statute and what the court indicated there is that in looking at your table of authorities I'm not seeing it in state versus Copenhaver it's discussed on page and then it's it's it's in the table of authorities and then it's developed on page 36 into 37 of the brief and so there what was issue is not directly the assault statute but the robbery statute but it indicated that an element of robbery is that the person committed the assault but it frames that element as the defendant commits any of the acts listed in subsections one through three it that goes on to say that the jury considered assault under section 708.12 for both of the robbery counts indicating that the jury was instructed on sub element two of the assault indicating that in the robbery context where an individual has to commit assault that the jury is instructed on the specific sub elements as the court is aware that's one of the factors that the Supreme Court emphasized in Mathis in determining whether something is means or elements is whether it's something that must be proven to a jury as an element of the offense and the Copenhaver decision suggests that in the state of Iowa that is the case now the language in Boots and Maid both Boots and Maid were dealing with cases where 708.13 and 708.23 were cited in the judgments of conviction and the court used the language that in those cases we are dealing categorically with a crime of violence here we do have that second piece of it in that 708.23 the part of the statute that ultimately makes it an aggravated misdemeanor it does specifically cite to that section of the misdemeanor but it doesn't deal with 708.1 specifically and which subsection of 708.1 counsel for appellant also raised the question of well even if this court agrees with the government that there is divisibility under Mathis of 708.1 how do we then know based on the shepherd documents in the record that we're dealing here with 708.13 the government's point there is that that is also where the fact that we also have the 708.23 conviction is relevant because that's relevant to determine under which section of 708.13 the individual was was convicted of given that 708.23 deals specifically with using or displaying a firearm uh moreover your honor the once the court's able to look at the shepherd documents the shepherd documents uh indicate that the defendant in this case assaulted the victim by striking the victim in the head with a firearm and those are in the the shepherd documents as well so if the court agrees with the government on the Mathis issue of divisibility there's enough in the shepherd documents to determine that this indeed was a crime of violence it is worth noting on the how it ultimately affected the sentence the government believes that any error with any error with respect to the crime of violence determination in this case would be harmless error there are sort of two pieces to that argument the first is that in many cases in which a defendant's prior criminal conviction such as a crime of spite malina menendez which is basically says that's almost never the case a guidelines error of this magnitude is almost never harmless your honor the difference here almost never plain error i think is what they decided well i think that the point here though is that this it this even if it was a guidelines error was not a guidelines error of significant magnitude um and that would be because in many cases where a person's prior crime of violence or controlled substance offense increases their offense level the increase can be dramatic for example even under the gun guideline if a person's base offense level is not the question because because malina i got malina menendez involved overlapping guidelines ranges and the court says doesn't matter it's still it's still not it's still plain error and it's not because we're not going to invoke harmless error because we don't know what the district would have done here we do know what the district court would have done though because the court uh made specific record as to that point and the court says uh the court said during the initial sentencing hearing in this case said i don't do this in every case but in this case i find that this would be my alternative sentence even if i erred in calculating the guidelines here what was at issue was a jump from base defense level 20 to 22 the defendant already went from 14 to 20 because one of the firearms involved in the offense was a semi-automatic firearm capable of accepting a large capacity magazine so the additional crime of violence in the defendant's criminal history was a difference between 20 and 22 the court also cited this wasn't the case of a of a blanket alternative sentence and that the court cited specific factors in support of its alternative sentence it cited the nature of the defendant's criminal history which included violence car chases uh carrying weapons and assaults it cited the nature of circumstances of the offense which involved uh when the defendant was when officers were seeking to arrest the defendant he led them on a high-speed chase through the city of cedar rapids while in possession of a firearm and it specifically decided the heightened heightened need for deterrence in this case that is that the defendant had a lengthy criminal history in state court in a short period of time and that those prior state convictions didn't adequately deter him from future crimes and so this is a case where the court issued an alternative sentence and said here's exactly why 168 months would be my sentence even if i erred in calculating the guidelines at the resentencing hearing it reiterated that and said for the reasons i described before this is my my sentence it may be a slightly different analysis if the the jump in the guidelines was higher it's it's a helpful fact here that the jump was from 20 to 22 it's also worth noting that the district court varied downward uh essentially in criminal history history category it didn't depart downward in criminal history category but it said i'm going to treat this defendant as if he's category five instead of category six uh when you calculate the guidelines uh there uh the two-level jump uh in this case there there would be this is a case where there's an overlapping guideline range of the number of 168 months if you look at it a post variance and so uh the court did not err in finding that the prior conviction was a crime of violence to the extent that he that it did that error was harmless unless the panel has any additional questions on that that subject i'll i won't use the rest of my time very well thank you i want to begin by addressing the discussion of the copenhaver case out of the iowa appellate courts on that same argument trying to rely on a state court well in this one case they submitted this specific alternative so it must be an element that argument was made in this circuit's recent decision in bowman and i can't recall if it was explicitly rejected in that case but the argument was made and the court at least implicitly rejected it by finding that that did not indicate that they were alternative elements instead of alternative means and as cited in the reply brief you could also find cases in iowa law where it's an iowa burglary and the jury is instructed on a specific location and that's just a matter of it's practical if there's only one location at an issue that's what's going to be submitted to the jury now we know by mathis that the actual location under iowa burglary is not an alternative element so i would submit the strength of that argument as um weak in this context to briefly address harmless error there is a problem with how the district court discussed this alternative sentence because by relying on or making an alternative sentence the district court relied on things that were in dispute and generally when this court finds harmless error it's when a district court says okay i know i've got these guidelines these arguments whatever is in dispute but even pushing that all to the side relying on other factors i would still give the same sentence for x y and z reasons that's not what happened here the record is not that clean instead in relying on the alternative sentence the district court judge relied on the nature and circumstances of the offense which were hotly contested and some of them were objected to and not proven at sentencing um alternatively we argue that the alternative sentence put forward is substantively every substantively unreasonable there were lots of guidelines there um arguments and dispute and it was a big jump to his range what about the shepherd qualified documents do they preserve the government's conviction here they do not your honor um under the horse looking case that i briefly mentioned in my opening argument which case was that again horse looking and i believe it's cited in the reply brief but in that case it indicates when there's not a specific subsection listed and you're just trying to go by the conduct maybe what a defendant pled guilty to or what is listed in the and it could fall within different subsections which it could hear it could fall under the subsection of act intended to cause be insulting or injurious if it does all of those alternatives that could fall under must satisfy the force clause and it just does not here so for the reasons stated today in the brief we would ask this court reverse and remand for resentencing one final question that i don't think you have an answer for are we ever going to be with the massive shepherd johnson cases i don't think so it's pretty much consumed my life for about the past two years well thank you both sides for the arguments the case is submitted that completes our calendar does it not for the morning the court will be